UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------

LEON STREETER,

                              Plaintiff,

     - v -                                        Civ. No. 9:04-CV-495
                                                          (TJM/RFT)

GLENN S. GOORD, Docs Commissioner, *et al.*
                              Defendants.
------------------------------------------------

**APPEARANCES:**                                       **OF COUNSEL:**

LEON STREETER
Plaintiff, *pro se*
92-A-5083
Mohawk Correctional Facility
P.O. Box 8450
Marcy, New York 13442

HON. ELIOT SPITZER                         JEFFREY M. DVORIN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

       On September 5, 2006, this Court issued an Order addressing a myriad of discovery issues. Dkt. No. 88. Among others, Plaintiff sought to compel the discovery of his mental health records. In resolving Plaintiff's Motion to Compel as it related to his mental health records, we noted that N.Y. MENTAL. HYG. LAW § 33.16, standing alone, did not prohibit disclosure of the records in the course of the litigation. *Id*. at p. 3. Moreover, the statute is quite clear that a patient is a qualified person entitled to inspect or copy his mental records upon making a written request. N.Y. MENTAL

HYG. LAW § 33.16(b). However, a patient's access to his mental health records can be limited if a medical practitioner has reviewed the records and determined that there would a substantial and immediate harm for the patient to see them. N.Y. MENTAL HYG. LAW § 33.16(c).[1] The record before the Court did not include a medical practitioner's opinion limiting Streeter's access to his mental health records. The same records indicate that Defendants found Streeter's medical records to be of no particular use to them. Dkt. No. 88, at p. 3.

Nonetheless, this Court ruled that "[it would] not order [a] blanket disclosure of the records until the Court has conducted an *in camera* review of the records to determine whether there is any information that is probative on Plaintiff's claims contained therein." *Id.* at p. 4. We also invited "Defendants . . . to provide the Court, together with the records, . . . any [] statements, signed by the medical service providers, setting forth any concerns they may have with respect to disclosure of the records or its potential impact on Plaintiff's well being." *Id*.

On October 5, 2006, Defendants provided Streeter's mental health records to this Court for an *in camera* review, however, there was no letter or statement from a medical provider

---

[1] If the patient is unsatisfied with his access to his mental health records being limited or denied, he may seek judicial review:
> In the event that access is denied in whole or in part the committee shall notify the qualified person of his or her right to seek judicial review of the facility's determination pursuant to this section. Within thirty days of receiving notification of the decision, the qualified person may commence, upon notice, a special proceeding in supreme court for a judgment requiring the provider to make available the record for inspection or copying. The court upon such application and after an in camera review of the materials provided, including the determination and record of the committee, and after providing all parties an opportunity to be heard, shall determine whether there exists a reasonable basis for the denial of access. The relief available pursuant to this section shall be limited to a judgment requiring the facility to make available to the qualified person the requested record for inspection or copying.

N.Y. MENTAL HYG. LAW § 33.16(c)(5).

accompanying the records. Medical provider's statement notwithstanding, the Court conducted an *in camera* review of the records. *See supra* note 1. Our review of the records indicates that they have little, if any, probative value and thus are not germane to the subject matter of this litigation. Without further guidance from a medical provider that disclosure to Street should not occur, we also find that there is nothing within the medical records that in our view would cause him substantial and immediate harm if released to him. Although the records are not fertile with relevant information for Streeter's lawsuit, we find no reasonable basis to deny him access to his mental health records.

Accordingly, it is hereby

**Ordered**, that the Defendants provide Streeter with a copy of his mental health records within ten (10) days of this Order; and it is further

**Ordered**, that Defendants make arrangements to retrieve from the Court's Chambers the copy of the records submitted for an *in camera* review; and it is further

**Ordered**, that the Clerk of the Court serve a copy of this Order upon the parties to the action.

It is so Ordered.

Date: October 10, 2006
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge